UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DONTRALE PHILLIPS (#464769)**

**VERSUS**

**UNKNOWN HONEYCUTT, ET AL.**

CIVIL ACTION

NO. 17-411-JWD-RLB

ORDER

This matter comes before the Court on the plaintiff's "Rule 60(b) Motion" (R. Doc. 7). This Motion shall be denied.

Pursuant to an Order dated July 14, 2017 (R. Doc. 6), the plaintiff's Motions to Proceed *in Forma Pauperis* (R. Docs. 2 and 5) were denied after the Court determined that the plaintiff was barred from proceeding *in forma pauperis* in this matter. The plaintiff did not take an appeal. Rather, the plaintiff asserts that he is entitled to relief under Rule 60 of the Federal Rules of Civil Procedure because the allegations of his Complaint satisfy the "imminent danger" exception to the filing fee requirement as set forth in 28 U.S.C. § 1915(g).

The plaintiff's contentions are unavailing. Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. In the instant case, not only do the plaintiff's contentions not fit within any of the specific enumerated subsections of Rule 60(b), but the Court has previously explicitly determined that the plaintiff's allegations do not meet the "imminent danger" exception of 28 U.S.C. § 1915(g), and the plaintiff was placed on notice of this determination through service upon him of the Court's Order denying *in forma pauperis* status. There is nothing, apparently, which prevented the plaintiff from presenting evidence or making an argument to refute this determination, in a timely appeal to the United

States Court of Appeals for the Fifth Circuit. A Rule 60(b) motion is not a vehicle to rehash prior arguments. *See Triple Tee Golf, Inc. v. Nike, Inc.,* 485 F.3d 253, 269 (5th Cir. 2007) (noting that, as a general proposition, a Rule 60(b) motion is not a permissible method for a party to relitigate its case); *see also Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002) (holding that a Rule 60(b) motion cannot be used as a substitute for a direct appeal).

In addition, Rule 60(b) is recognized as affording only "extraordinary relief", which carries with it "the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286, and cases cited therein. Where, as here, the petitioner was placed on notice, through receipt of the Court's Order, of the reason for the denial of his pauper motion and of the factual basis for an argument relative to an "imminent danger" exception, it does not appear that he has shown such unusual or unique circumstances as would excuse his failure to seek relief through a timely appeal. Accordingly,

**IT IS ORDERED** that the plaintiff's "Rule 60(b) Motion" (R. Doc. 7) be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on August 23, 2017.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**